PATRICK MURPHY AND MARY MURPHY v. THOMAS FLEMING AND WASHINGTON BEAMAN.

*Mortgage—Penalty for refusal to discharge—Nominal mortgagee—Assignment to owner.*

1. Where a *nominal* mortgagee records the mortgage for the convenience of the *real* owner, he may refuse to assign it to him until the expense of recording is paid; nor can he be obliged to covenant in such assignment as to the amount due on the mortgage.

2. The statute providing for a suit in equity to collect the penalty imposed for a refusal to discharge a mortgage applies to a mortgagee who is brought into *personal* relations with the mortgagor, and has means of knowing himself to be in default for not giving such discharge.

Appeal from Washtenaw. (Joslin, J.) Argued February 15, 1888. Decided March 2, 1888.

Bill filed for the discharge of a mortgage and to collect the

penalty imposed for a non-discharge.   Defendant Fleming appeals.   Decree affirmed as far as it provides for as discharge, and reversed as far as it imposes a penalty.   The facts are stated in the opinion.

*G. W. Turnbull,* for complainants.

*M. J. Lehman,* for defendant Fleming.

*Sawyer & Knowlton,* for defendant Beaman.

CAMPBELL, J.   The bill in this case was filed to procure a discharge of a mortgage, and the statutory penalty of $100 for not discharging it.   The court below gave the relief sought against defendant Fleming, but dismissed the bill as against Beaman.   Fleming appeals.

The facts in this case are very peculiar.   On the twenty-seventh of February, 1880, defendant Fleming, who had agreed verbally to sell the land in question to complainant for a cash payment of $400, went to defendant Beaman to close the trade, and executed a deed to Murphy accordingly. Murphy had arranged to borrow the $400 of Beaman, and give him a mortgage for it.   When the parties had got together, and the papers were read, it turned out that Beaman had drawn the mortgage as payable to Fleming; the note given with it being made to Fleming or bearer.   Fleming objected to having any mortgage made out to him, as he was making a cash sale.   Murphy is illiterate, and both he and his wife—if we take their testimony—never understood they were mortgaging to any one but Beaman.   There is a direct conflict between Beaman and Fleming on some questions. But it is evident that Beaman practically forced Fleming against his will to hold a mortgage in which he had no interest.   The circuit judge shut out testimony which should have been let in, explaining Beaman's ·motives.   Whatever they were, they were for his own purposes and not for Fleming's interest or convenience.   Fleming had the mortgage recorded as a convenience to Beaman, who never paid him for it, and

this is probably the explanation of the subsequent ill feeling. He subsequently, as he had a right to, refused to assign to Beaman, unless refunded his expenses.

Murphy paid the debt from time to time directly to Beaman, and supposed he was the holder of the mortgage, as he was of the note. The last payment was made December 16, 1885, when Beaman gave a receipt in full, and agreed to have the mortgage discharged—

"As soon as the same can be accomplished by due course of law, without expenses to said Murphy, and provided further that said Murphy is not to seek to make costs against said Beaman in any suit said Beaman shall bring against Thomas Fleming to compel assignment of said mortgage."

Beaman, in his answer, sets up that soon thereafter he procured Mr. Turnbull to apply to Fleming to execute an assignment. Turnbull places it earlier. Fleming, as he testifies, did not claim any interest, but refused on account of his having been to expense which Beaman would not refund. Upon looking at this assignment, it appears to be made as if Fleming was the real owner, and contains covenants as to the amount due, which he was not bound to give, and could not have been able to know in what shape the debt stood.

On the tenth of June, 1886, Turnbull applied to Fleming for a discharge, and asked him to sign and acknowledge a certificate which he presented. This not being done, this suit was brought shortly after.

This suit—as all the surroundings seem to indicate—was really brought for Beaman, and the Murphys are only nominally concerned in the litigation. It is very clear that Beaman has no equity beyond having the mortgage discharged, and is not within the statute.

But we do not think the case is fairly within the statute at all. Although prosecuted in equity, this is a suit upon a penalty, and such penalties cannot be enforced beyond the terms of the statute. That, in terms, applies to a mortgagee

who is brought into personal relations with the mortgagor, and has means of knowing himself to be in default for not giving a discharge. In the present case Murphy made his payment to Beaman, and the receipt he took back indicates that Beaman was to see to the discharge. Fleming, if he discharged the mortgage, could only act on Beaman's word, and had nothing documentary to protect him, and no such written evidence was prepared to be left in his hands. He had just cause for hesitating to accept any of Beaman's claims, and he had, as against him, a legitimate claim for reimbursement. We are not prepared to say that under all these circumstances the legal penalty should be enforced.

The decree is affirmed only so far as it provides for a discharge of the mortgage, and must be reversed, with costs, so far as it imposes a penalty. Fleming will recover costs in this Court; costs below to be paid by each party for himself.

SHERWOOD, C. J., MORSE and LONG, JJ., concurred. CHAMPLIN, J., did not sit.